IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEREMIAH STUBBS,
    Petitioner,

vs.                                             Case No. 3:05cv174/RV/MD

STATE OF FLORIDA,
    Respondent.
_____

**REPORT AND RECOMMENDATION**

    This cause is before the court upon petitioner filing a notice of voluntary dismissal. (Doc. 6). Petitioner commenced this action on May 8, 2005 by filing a document entitled "Motion for Post-Conviction Relief Pursuant to Florida Rule of Criminal Procedure 3.850." (Doc. 1). The motion challenged petitioner's robbery conviction entered in the Circuit Court of Duval County, Florida, in case number 02-2880. The clerk of this court docketed the pleading as a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.

    On May 23, 2005 the court entered an order requiring petitioner to clarify whether it was his intention to proceed with a federal habeas corpus action.[1] (Doc. 5). In response, petitioner has filed a notice of voluntary dismissal indicating that

---

[1] The court noted that although mailed to this court, it did not appear petitioner's motion was intended for filing in federal court as a habeas corpus petition. The pleading was captioned for the Circuit Court of Duval County, Florida, case number 02-2880. At the bottom of the first page of the motion, petitioner indicated the intended recipient as the clerk of court located at the Duval County Courthouse, 330 East Bay Street. Petitioner asserted jurisdiction under Rule 3.850 of the Florida Rules of Criminal Procedure, not the federal habeas corpus statute, and filed the document on the model form for use in actions under Fla.R.Crim.P. 3.850, not the § 2254 form. The lack of a filing fee or *in forma pauperis* application further indicated that the document was intended for filing in petitioner's underlying criminal case, as the instructions accompanying the Rule 3.850 model form indicated that no filing fee was required when submitting a motion for postconviction relief under that rule.

his motion is a state motion for post-conviction relief; that he mistakenly mailed the motion to the federal courthouse in Tallahassee; that he intended to mail it to the Circuit Court of Duval County, Florida; and that he desires to dismiss this federal habeas corpus action. (Doc. 6). He further requests that the court mail his original Rule 3.850 motion back to him.

Rule 41 of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves his answer, or files a motion for summary judgment. FED.R.CIV.P. Rule 41(a)(1)(i).  Since the respondent has not yet been served, it is clear that the petitioner is automatically entitled to take a voluntary dismissal at this time.  As to petitioner's request that his original motion be returned, he is advised that the court may not remove an original pleading that has been entered on the docket.  Petitioner may obtain a copy of his motion and memorandum by submitting payment in the amount of $.50 per page, prepaid, to the clerk of this court.[2]

Accordingly, it is respectfully RECOMMENDED:

That the motion for voluntary dismissal be GRANTED and this case be DISMISSED WITHOUT PREJUDICE.

At Pensacola, Florida, this 2nd day of June, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] Petitioner's motion totals 9 pages.  His memorandum, including attachments, totals 32 pages.

Case No: 3:05cv174/RV/MD